UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

|  |  |
|---|---|
| DALIAN MEISEN WOODWORKING CO., LTD. ) | |
| Plaintiff, | Court No. 20-00110 |
| v. | |
| UNITED STATES, | |
| Defendant, | |

**PLAINTIFF'S UNOPPOSED MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Section 516A(c)(2) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a(c)(2) (2012), and Rules 7(b), 56.2(a) and 65(a) of the Rules of the Court of International Trade, Plaintiff Dalian Meisen Woodworking Co., Ltd. ("Meisen") moves for a preliminary injunction providing that Defendant, the United States, together with its delegates, officers, agents and servants, including employees of U.S. Customs and Border Protection and the U.S. Department of Commerce, is enjoined during the pendency of this litigation, including any appeals, from issuing instructions to liquidate or making or permitting liquidation of any unliquidated entries of wooden cabinets and vanities and components thereof from the People's Republic of China,

1. That were entered, or withdrawn from warehouse, for consumption, on or after August 12, 2019 through December 31, 2020, excluding the period between December 10, 2019 and April 16, 2020;
2. that were the subject of the administrative proceeding published as *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 85 Fed. Reg. 11962 (February 28, 2020) ("Final Determination") and *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22134 (April 21, 2020) ("Order"); and

1

3. that were produced and/or exported by Dalian Meisen Woodworking Co., Ltd.

The entries shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided in 19 U.S.C. § 1516a(e).  Any entries inadvertently liquidated after this order is signed but before this injunction is fully implemented by U.S. Customs and Border Protection shall be promptly returned to unliquidated status and suspended in accordance with this injunction.

## **GOOD CAUSE PURSUANT TO USCIT RULE 56.2**

USCIT Rule 56.2(a) contemplates that parties may file for a preliminary injunction later than 30 days after the filing of the complaint if "good cause" is demonstrated. At the time this case was filed, Meisen did not have any entries that were in danger of being liquidated pursuant to the Commerce's final determination in the investigation.  Good cause is present at this time because it is now apparent that an injunction is needed to ensure that Meisen's entries are not liquidated prior to the conclusion of this appeal.  Unlike an appeal from a review, where Commerce's 15-day clock starts ticking upon publication of the Final Results, in an appeal from an investigation all entries are suspended by operation of law, pending conclusion of a first administrative review, if any.  At the time of 30 days after the filing of the complaint in this case it appeared likely to Meisen that no injunction was necessary because the entries were likely to be subject to the first administrative review.  That is no longer the case.

Although briefing has been completed and oral argument has been held in this case, a final court decision has not yet been issued. Although Meisen requested an administrative review of the countervailing duty order, it withdrew that request on August 30, 2021.  Since no other party requested a review of the countervailing duty order for Meisen, Commerce will rescind the review with respect to Meisen and order liquidation of Meisen's entries at the cash deposit rate

pursuant to 19 CFR 351.213(d)(1). Consequently, there is good cause for the granting of this preliminary injunction motion at this time in order to ensure that Meisen's entries subject to this appeal remain suspended until a final court decision is issued in this appeal.

Finally, we note that the Court has granted similar injunctions after the 30- day period in appeals of final determinations in an investigation where there was a danger of entries being liquidated because an administrative review request might be withdrawn or because the final results were soon to be issued. *See Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, Consol. Court No. 12-00007, ECF Nos. 81 and 83(2013) and Changzhou Hawd Flooring Co., Ltd. et al v. United States, Court No. 12-20, ECF Nos. 42 and 43 (2014).

## ARGUMENTS IN FAVOR OF GRANTING A PRELIMINARY INJUNCTION

As shown below, the criteria for issuing an injunction are satisfied with respect to Meisen, as well: (1) Plaintiff will be irreparably harmed without the requested relief, (2) the balance of hardships on the parties favor Plaintiffs, (3) there is a likelihood of success on the merits of Plaintiff's case; and (4) the public interest would be better served by granting the relief. *See Matsushita Elec. Indus. v United States,* 823 F.2d 505, 509 (Fed. Cir. 1987); *Zenith Radio Corp. v. United States,* 710 F.2d 806, 809 (Fed. Cir. 1983); *PPG Indus. Inc. v. United States,* 14 CIT 18, 20, 729 F. Supp. 2d 859, 861 (1990); *SKF USA Inc. v. United States,* 28 CIT 170 172 Supp. 2d 1322, 1326 (2004). Moreover, good cause exists to grant this motion at this time, in accordance with Rule 56.2.

### A. Plaintiffs Will Suffer Irreparable Injury Absent the Issuance of the Requested Injunction

Liquidation of the entries at issue will cause irreparable harm to Meisen because such liquidation would leave Meisen without a remedy to recover any wrongfully calculated countervailing duties. The denial of the right to judicial review results is irreparable injury, which is the teaching of *Zenith Radio Corp.,* where the Federal Circuit stated:

> Congress deliberately gave interested parties the right to obtain effective judicial review of section 751 review determinations to aid effective enforcement of antidumping laws. A conclusion that no irreparable harm is shown when that judicial review is rendered ineffective by depriving the interested party of the only meaningful correction for the alleged errors, would be inconsistent with the actions taken by Congress to correct deficiencies in prior enforcement activity under the antidumping laws. Accordingly, *the inability of reviewing courts to meaningfully correct the review determination is irreparable injury that must be considered by the trial court.* ...

*Zenith Radio Corp.,* 710 F.2d at 811 (emphasis added); *accord PPG Indus. Inc.,* 14 CIT at 21, 729 F. Supp. 2d at 861 (liquidation prior to the Court's final decision would constitute irreparable injury). Indeed, given the finality of liquidation, the courts have established what amounts to an "automatic" finding of irreparable injury in challenges to final determinations under Section 751 of the Act. *See, e.g., Algoma Steel Corp. v. United States,* 12 CIT 802, 806 n.6, 696 F. Supp. 656, 660 n.6 (1988) ("Injunctions are *virtually automatic* if a party, either foreign or domestic, seeks an injunction in the context of a challenge to an annual review determination.") (emphasis added); *see also Zenith Radio Corp.,* 710 F.2d at 810; *Timken Co. v. United States,* 6 CIT 76, 79, 569 F. Supp. 65, 69 (1983); *PPG Indus. Inc. v. United States,* 11 CIT 5, 7 (1987).  Although this is not an appeal of the final results of a review, liquidation is likely to occur before a final decision in this case given that there are no outstanding administrative review requests covering Meisen's entries.  Unless this Court grants an injunction

4

to prevent liquidation, Meisen's entries will be liquidated at an unlawfully high countervailing duty rate.

This Court has held that "liquidation of entries extinguishes the underlying *res* and the accompanying cause of action, stripping [the] Court of the ability to provide a remedy to an importer." *Laclede Steel Co, v. United States*, 20 C.I.T. 712, 717 (1996). The Federal Circuit has concurred, finding that liquidation would indeed eliminate the only remedy available. *See Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983) (stating that "[t]he statutory scheme has no provision permitting reliquidation in this case or imposition of [a different rate for] dumping duties after liquidation if [plaintiff] is successful on the merits."). Accordingly, the consequences of liquidation constitute irreparable harm. *Id.* Such liquidation prior to this Court's final decision would thus constitute "irreparable injury" to Meisen in this instance. *Id.* at 811.

Further, if the subject entries are liquidated prior to the final decision of this Court, Meisen will suffer irreparable injury not only because of the economic loss occasioned by the liquidation with countervailing duties assessed, but also by the deprivation of its statutory right to obtain meaningful judicial review. *NMB Singapore Ltd. v. United States*, 24 C.I.T. 1239, 1243-1244 (2000) (citing *Chr. Bjelland Seafoods A/S v. United States,* 19 C.I.T. 35, 51 (1995); *PPG Indus. v. United States*, 11 C.I.T 5, 7 (1987); *OKI Elec. Indus. Co., Ltd. v. United States*, 11 C.I.T. 624, 630-31 (1987); and *Timken Co. v. United States*, 6 C.I.T. 76, 79 (1983)). If the subject entries are liquidated prior to the completion of judicial review and Meisen ultimately prevails, Meisen will be without a remedy to recover wrongfully paid countervailing duties. *See id.* at 1140 (explaining that "[a]bsent a preliminary injunction suspending liquidation, judicial review could not provide the plaintiff with meaningful relief.

Any judicial remedy would be fruitless."); *Zenith,* 710 F.2d at 810. Meisen has therefore demonstrated it will suffer irreparable injury if this Court does not grant the requested injunction.

### B.     The Hardship to Plaintiffs Outweighs Any Hardship to Defendants

As noted above, unless its request for an injunction is granted, Meisen faces a "viable threat of serious harm which cannot be undone." *Zenith*, 710 F.2d at 810. In contrast, the defendant "would be at most inconvenienced by the suspension of liquidation." *Timken*, 6 C.I.T. at 81. The United States will suffer no material harm from the delay in liquidation because the continued suspension of the subject entries will enable defendant to ultimately collect whatever countervailing duties (if any) are appropriate in accordance with this Court's final decision on this matter. Thus, the balance of hardships favors Meisen and its request for an injunction.

### C.     The Likelihood of Success on the Merits Has Been Shown

This Court has stated that a showing that the moving party will be more severely prejudiced by a denial of the injunction lowers the standard that must be met with respect to prevailing on the merits. *Timken*, 6 C.I.T. at 80. Accordingly, Meisen needs only a minimal likelihood of success on the merits. *Id.* The four factors that are used to determine whether an injunction should be granted are considered together, and a strong showing of irreparable harm will make the need for a strong showing of likelihood of success on the merits less important. When irreparable harm is strongly established, "it will ordinarily be sufficient that the movant has raised questions which are `serious, substantial, difficult and doubtful.'" *Id.* (quoting *County of Alameda v. Weinberger,* 520 F.2d 344, 349 n.12 (9th Cir. 1975)); *see also Ceramica Regiomontana S.A. v. United States,* 7 CIT 390, 397, 590 F. Supp. 1260, 1265 (1984)

("{T}he greater the hardship the lesser the showing {of likelihood of success on the merits}."). As these cases make clear, the "likelihood of success" standard is minimal when the other requisites of an injunction are met. *See also Zenith Radio Corp.,* 710 F.2d at 810-12. Meisen's Complaint raises serious, substantial, and difficult questions of fact and law, including issues on which this Court has previously ruled in favor of Plaintiffs.

Moreover, Meisen's Complaint raises an issue regarding the Department's treatment of the Export Buyer's Credit Program that has repeatedly been decided in Plaintiffs' favor. See e.g. *Clearon Corp. v. United States*, 474 F. Supp. 3d 1339 (Ct. Int'l Trade 2020). The Court in Clearon Corp. v. United States also cited to the many other cases in which the Court has rejected Commerce's application of AFA to find a benefit under the EBCP See e.g. *Guizhou Tre Co. v. United States,* SLIP OP. 2018-140 (Oct. 17, 2018); 2018 Ct. Intl. Trade LEXIS 160 at 9-10; and *Changzhou Trina Solar Energy Co. v. United States,* SLIP OP. 2018-166 (Nov. 30, 2018); 2018 Ct. Intl. Trade LEXIS 180.

### D. Granting the Injunction Would Best Serve the Public Interest

As noted above, continuing the suspension of liquidation pending a final decision in this case will ensure that the correct countervailing duties are collected. The public interest is thus best served by maintaining the *status quo* pending a final decision on the merits. *Id.* In addition, the injunction will preserve the serious questions Meisen raises with respect to the appropriate liquidation of the subject entries. Absent this ability to preserve these issues, Meisen's "statutory right to obtain judicial review of the determination would be without meaning." *Zenith*, 710 F.2d at 810. Accordingly, the requested injunction is essential to the effective enforcement of the countervailing duty laws and Meisen's ability to obtain meaningful judicial review, as is its right under the law. *Id.* It is for this reason that injunctions are "virtually automatic" when requested

by a party challenging the final results or determination in a countervailing duty investigation or administrative review. *See, e.g.*, *Algoma Steel Corp. Ltd. v. United States*, 12 C.I.T 802, 806, n.6, 696 F. Supp. 656, 660, n.6 (1988).

## POSITIONS OF THE OTHER PARTIES

Pursuant to USCIT Rule 7(b), counsel for Plaintiffs has contacted counsel for the other parties.

Mark Rett Ludwikowski, Clark Hill PLC, consented on behalf of Intervenor Plaintiff Cabinets to Go, LLC.

Alexandra Salzman, deKieffer & Horgan, PLLC, consented on behalf of Intervenor Plaintiff The Ancientree Cabinet Co., Ltd.

Luke Anthony Meisner, Schagrin Associates, indicated that Intervenor Defendant, American Kitchen Cabinet Alliance takes no position on the motion.

Ioana Cristei, U.S. Department of Justice, indicated that the United States consents only to the precise terms of the proposed order, pursuant to the statutory framework as explained in *Qingdao Taifa Group Co. v. United States*, 581 F.3d 1375, 1380 (Fed. Cir. 2009) (citing 19 U.S.C. § 1516a(c)(2)). Therefore, notwithstanding the factors necessary for the issuance of ordinary injunctions under Rule 65, the United States consents to the injunction, without conceding any likelihood of success on the merits. *See Munaf v. Geren*, 553 U.S. 674 (2008) (requiring showing of likelihood of success of habeas petition before enjoining transfer of detainee to foreign location). Likewise, the United States does not seek security pursuant to Rule 65(c) in this case, because the cash deposits of estimated duties paid at the time of entry, 19 U.S.C. § 1671e(a)(3), provide sufficient security in this matter. Lastly, unlike ordinary

preliminary injunctions, section 1516a(c)(2) injunctions may extend through all appeals and, thus, the United States does not oppose the duration of this injunction. *Yancheng Baolong Biochem. Prods. Co. v. United States*, 406 F.3d 1377 (Fed. Cir. 2005).

## CONCLUSION

Based on the above reasons, Meisen respectfully requests that this Motion for a Preliminary Injunction be granted.

        Respectfully submitted,

        <u>/s/ Jeffrey S. Neeley</u>
        Jeffrey S. Neeley
        Husch Blackwell LLP
        750 17th St., NW
        Suite 900
        Washington, DC 20006
        (202) 378-2357
        Jeffrey.Neeley@huschblackwell.com

        *Counsel for Dalian Meisen Woodworking Co., Ltd.*

September 1, 2021