UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DALIAN MEISEN WOODWORKING CO., LTD., | : |
| Plaintiff, | : |
| and | : |
| CABINETS TO GO, LLC, and THE ANCIENTREE CABINET CO., LTD., | : Before: Richard K. Eaton, Judge |
| Plaintiff-Intervenors, | : Court No. 20-00110 |
| v. | : |
| UNITED STATES, | : |
| Defendant, | : |
| and | : |
| AMERICAN KITCHEN CABINET ALLIANCE, | : |
| Defendant-Intervenor. | : |

**ORDER**

Plaintiff Dalian Meisen Woodworking Co., Ltd.'s ("Plaintiff" or "Meisen") commenced this action to challenge the U.S. Department of Commerce's ("Commerce") final determination in the countervailing duty investigation of wooden cabinets and vanities from the People's Republic of China ("China"). *See Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China*, 85 Fed. Reg. 11,962, 11,963-64 (Dep't Commerce Feb. 28, 2020) ("Final Determination"); *Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China*, 85 Fed. Reg. 22,134, 22,135 (Dep't Commerce Apr. 21, 2020) (the "Order"). Meisen is a foreign producer and exporter of subject merchandise which participated in the investigation as a mandatory respondent. *See* Compl. ¶ 3.

Case 1:20-cv-00110-RKE   Document 75   Filed 10/18/21   Page 2 of 12

Court No. 20-00110                                                                                                       Page 2

Before the court is Plaintiff's unopposed motion for a preliminary injunction. *See* Pl.'s Unopposed Mot. Prelim. Inj., ECF No. 69 ("Pl.'s Mot."). By its motion, Plaintiff asks the court to enjoin, during the pendency of this action and any appeals, the liquidation of any unliquidated entries subject to the Order, that were entered on or after August 12, 2019 through December 31, 2020, excluding the period between December 10, 2019 and April 16, 2020. The motion was filed outside of the time limit set out in this Court's Rule 56.2(a), which states: "Any motion for a preliminary injunction to enjoin the liquidation of entries that are the subject of the action must be filed by a party to the action within 30 days after service of the complaint, or at such later time, for good cause shown." USCIT R. 56.2(a). Plaintiff argues that there is good cause to excuse its delay in seeking an injunction, and that it has met its burden to demonstrate that a preliminary injunction should be granted.

Defendant the United States ("Defendant"), on behalf of Commerce, consents to the injunction proposed by Plaintiff, without conceding any likelihood of success on the merits. *See* Pl.'s Mot. at 8. Defendant-Intervenor American Kitchen Cabinet Alliance takes no position on the motion. The court entered a temporary restraining order on September 27, 2021.[1] *See* Ct.'s Order Entering Temporary Restraining Order (Sept. 27, 2021), ECF No. 71; *see also* USCIT R. 65(b).

---

[1] The order temporarily restrained Defendant from liquidating or causing the liquidation of any unliquidated entries of wooden cabinets and vanities and components from China that:

1. were entered, or withdrawn from warehouse, for consumption, on or after August 12, 2019 through December 31, 2020, excluding the period between December 10, 2019 and April 16, 2020;

2. were the subject of the administrative proceeding published as *Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 85 Fed. Reg. 11,962 (Dep't Commerce Feb. 28, 2020) and *Wooden Cabinets and Vanities and Components*

Jurisdiction lies under 28 U.S.C. § 1581(c) (2018). For the reasons that follow, the court grants Plaintiff's motion.

## BACKGROUND

On April 2, 2019, Commerce initiated a countervailing duty investigation of wooden cabinets and vanities from China.[2] *See Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China*, 84 Fed. Reg. 12,581 (Dep't Commerce Apr. 2, 2019).

On August 12, 2019, Commerce published its preliminary affirmative countervailing duty determination, in which it instructed U.S. Customs and Border Protection ("CBP") to suspend liquidation of entries of subject merchandise that were entered, or withdrawn from warehouse, for consumption on or after August 12, 2019, at subsidy rates ranging between 10.97 percent and 229.24 percent, and to require a cash deposit equal to those rates. *See Wooden Cabinets and*

---

*Thereof From the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22,134 (Dep't Commerce Apr. 21, 2020); and

3. were produced and/or exported by Dalian Meisen Woodworking Co., Ltd. until 5:00 p.m. on the fifth business day after the date the court rules upon Plaintiff's motion for a preliminary injunction.

*See* Ct.'s T.R.O. (Sep. 27, 2021), ECF No. 71.

Also in place are statutory injunctions, enjoining liquidation of entries imported by Plaintiff-Intervenors Cabinets to Go, LLC and The Ancientree Cabinet Co., Ltd. during the same period, *i.e.*, those that were entered, or withdrawn from warehouse, for consumption, on or after August 12, 2019 through December 31, 2020, excluding the period between December 10, 2019 and April 16, 2020. *See* Ct.'s Order Granting Cabinets to Go LLC's Statutory Inj. (Jul. 23, 2021), ECF No. 66; *see also* Ct's Order Granting Ancientree Cabinet Co., Ltd.'s Statutory Inj. (Jul. 28, 2021), ECF No. 68.

[2]      The period of investigation was January 1, 2018, through December 31, 2018.

*Vanities and Components Thereof From the People's Republic of China*, 84 Fed. Reg. 39,798, 39,799-800 (Dep't Commerce Aug. 12, 2019).

On February 28, 2020, Commerce published the Final Determination. There, Commerce instructed CBP to discontinue the suspension of liquidation of entries of subject merchandise entered, or withdrawn from warehouse, on or after December 9, 2019, but to continue the suspension of liquidation of all entries from August 12, 2019 through December 8, 2019. *See* Final Determination, 85 Fed. Reg. at 11,963-64.

Subsequently, on April 21, 2020, Commerce published the Order, in which it instructed CBP to reinstitute the suspension of liquidation of wooden cabinets and vanities from China that were entered, or withdrawn from warehouse, for consumption on or after April 13, 2020. Commerce further stated that the instructions suspending liquidation would remain in effect until further notice. *See* Order, 85 Fed. Reg. at 22,134-35.

On May 19, 2020, Meisen filed a summons, thereby commencing this action, Court No. 20-00110. *See* Pl.'s Summons (May 19, 2020), ECF No. 1. On June 15, 2020, Meisen filed its complaint, which commenced the thirty-day period to move for a preliminary injunction. *See* Pl.'s Compl. (June 15, 2020), ECF No. 11. No such motion was filed because, according to Meisen, the entries were likely to be subject to the first administrative review and this their liquidation would be administratively suspended. *See* Pl.'s Mot. at 2-3.

On April 1, 2021, Commerce published a notice of opportunity to request administrative review of the Order. *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request Administrative Review*, 86 Fed. Reg. 17,137 (Dep't Commerce Apr. 1, 2021). On April 30, 2021, Meisen requested review of its subject sales. *See*

Letter from Jeffrey S. Neeley, Partner, Husch Blackwell, to Gina M. Raimondo, Sec'y, U.S. Dep't Commerce (Apr. 30, 2021), bar code 4116352-01.

On August 3, 2021, Commerce initiated the first administrative review. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 41,821, 41,825 (Dep't Commerce Aug. 3, 2021). On August 30, 2021, Meisen withdrew its request for review. *See* Letter from Jeffrey S. Neeley, Partner, Husch Blackwell, to Gina M. Raimondo, Sec'y, U.S. Dep't Commerce (Aug. 30, 2021), bar code 4156296-01.

On September 1, 2021, the day after Plaintiff withdrew its request for administrative review, it filed a motion for preliminary injunction, arguing that unless the requested injunction enjoining liquidation is put in place, its entries are at risk of liquidating prior to the resolution of Court No. 20-00110. *See* Pl.'s Mot. at 2-3. According to Plaintiff, "[s]ince no other party requested a review of the countervailing duty order for Meisen, Commerce will rescind the review with respect to Meisen and order liquidation of Meisen's entries at the cash deposit rate." *See id.*; *see also* 19 C.F.R. § 351.213(d)(1) (2021) ("The Secretary will rescind an administrative review . . . in whole or in part, if a party that requested a review withdraws the request within 90 days of the date of publication of notice of initiation of the requested review.").

As far as the court can determine, as of the date of this order the suspension of liquidation effected by the initiation of the first administrative review has not been discontinued.

## DISCUSSION

**I.     Plaintiff Has Shown Good Cause To Excuse Its Delay In Filing Its Motion for a Preliminary Injunction**

Rule 56.2(a) reads, in relevant part: "Any motion for a preliminary injunction to enjoin the liquidation of entries that are the subject of the action must be filed by a party to the action within

30 days after service of the complaint, or at such later time, for good cause shown." USCIT R. 56.2(a). Plaintiff argues that the "good cause" exception applies here, which would forgive its delay in seeking to enjoin liquidation outside of the 30-day time limit. In its motion, Plaintiff states:

> [I]n an appeal from an investigation all entries are suspended by operation of law, pending conclusion of a first administrative review, if any. At the time of 30 days after the filing of the complaint in this case it appeared likely to Meisen that no injunction was necessary because the entries were likely to be subject to the first administrative review. That is no longer the case.

Pl.'s Mot. at 2-3.

Although "[n]either this [C]ourt's rules nor case law defines 'good cause' as it applies in Rule 56.2(a)," courts have found, in other contexts, the term to mean, that "good reason must exist and that relief must not unfairly prejudice the opposing party or the interests of justice." *Carpenter Tech. Corp. v. United States*, 31 CIT 1, 4, 469 F. Supp. 2d 1313, 1316 (2007) (quoting USCIT R. 56.2(a)); *Am. Honda Motor Co. v. Richard Lundgren, Inc.*, 314 F.3d 17, 21 (1st Cir. 2002) (first citing *New Hampshire v. Maine*, 532 U.S. 742 (2001); then citing *FDIC v. Kooyomjian*, 220 F.3d 10, 14 (1st Cir. 2000)); *see also United States v. Gieswein*, 346 F. App'x 293, 297 (10th Cir. 2009) (citing *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 32 (1st Cir. 2007)). While the rule was adopted for the purpose of "reduc[ing] costs and procedural delays in antidumping and countervailing litigation by encouraging the early filing of motions for preliminary injunction," it cannot be said that this goal overwhelms the primary purpose of a preliminary injunction in a trade case, which is to ensure that a prevailing party obtains the full benefit of its victory by the proper assessment of duties. *See Laclede Steel Co. v. United States*, 20 CIT 712, 714, 928 F. Supp. 1182, 1185 (1996).

Here, it is clear that there is good cause to excuse Plaintiff's delay in seeking an injunction because, until Plaintiff and others withdrew their requests for review, it appeared likely that liquidation of the subject entries would remain suspended by operation of law until the publication

of the final results of the first administrative review. *See* 19 U.S.C. § 1671b(d); 19 C.F.R. § 351.205(d). To briefly review the relevant procedural history, on April 21, 2020, Commerce issued a countervailing duty order and instructed CBP to reinstitute the suspension of liquidation until further notice. In June 2020, when Meisen filed its complaint in this action, the suspension was still in place. Thus, its entries were not in danger of being liquidated pursuant to Commerce's Final Determination in the investigation, and a statutory injunction was not necessary at that time.

In addition, as stated in Plaintiff's motion, there was no need for Meisen to request an injunction at the start of this litigation because at that time it seemed that the entries were likely to be subject to the first administrative review. *See* Pl.'s Mot. at 2. Indeed, one year after filing the summons in this action, Meisen requested an administrative review, which Commerce initiated on August 3, 2021. Because Meisen subsequently withdrew its request, on August 31, 2021, and no other party has requested review of Meisen, rescission of the review, and then liquidation, will occur as soon as Commerce so instructs CBP.

Thus, under the circumstances, "good reason . . . exist[s]" to accept the motion as timely, and the court finds that Plaintiff's unopposed motion for a preliminary injunction was timely made for purposes of USCIT Rule 56.2(a). *See Carpenter*, 31 CIT at 4, 469 F. Supp. 2d at 1316-1317.

## II.     The Four-Factor Test Favors Granting the Preliminary Injunction

"The purpose and effect of granting such an injunction is to preserve the status quo during the pendency of the judicial proceedings in order to ultimately provide parties any relief the court grants." *Husteel Co. v. United States*, 38 CIT __, __, 34 F. Supp. 3d 1355, 1358-59 (2014) (first citing 19 U.S.C. § 1516a(e)(2); and then citing *Ugine & Alz Belg. v. United States*, 452 F.3d 1289, 1297 (Fed. Cir. 2006)). Thus, "[i]n antidumping and countervailing duty cases preliminary injunctions against liquidation have become almost automatic due to the retrospective nature of

U.S. trade remedies, the length of the judicial review process, and the cruciality of unliquidated entries for judicial review." *Wind Tower Trade Coal. v. United States*, 741 F.3d 89, 95-96 (Fed. Cir. 2014) (alteration in original) (quoting *Wind Tower Trade Coal. v. United States*, 37 CIT __, __, 904 F. Supp. 2d 1349, 1352 (2013)).

In deciding whether to grant a motion for a preliminary injunction and thus enjoin liquidation, the court must consider the following factors: (1) whether the movant "is likely to suffer irreparable harm in the absence of preliminary relief"; (2) whether the movant "is likely to succeed on the merits"; (3) whether "the balance of equities tips in . . . favor" of the movant; and (4) whether "an injunction is in the public interest." *Wind Tower*, 741 F.3d at 95 (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)). The movant (in this case, Plaintiff) bears the burden of proof. *Id.* This Court "has traditionally applied a 'sliding scale' approach to this determination, whereby no single factor will be treated as necessarily dispositive, and the weakness of the showing on one factor may be overcome by the strength of the showing on the others." *Husteel*, 38 CIT at __, 34 F. Supp. 3d at 1359 (first citing *Ugine & Alz Belg.*, 452 F.3d at 1292-93; and then citing *Corus Grp. PLC v. Bush*, 26 CIT 937, 942, 217 F. Supp. 2d 1347, 1353-54 (2002)); *see also Qingdao Taifa Grp. Co. v. United States*, 581 F.3d 1375, 1378 (Fed. Cir. 2009) (quoting *Kowalski v. Chicago Tribune Co.*, 854 F.2d 168, 170 (7th Cir. 1988) ("A request for a preliminary injunction is evaluated in accordance with a 'sliding scale' approach.")).. Further, this Court has also explained that, where, as here, "the irreparable harm factor tilts decidedly in favor of the movant, the burden of showing likelihood of success on the merits is lessened." *Husteel*, 38 CIT at __, 34 F. Supp. 3d at 1362 (first citing *Qingdao*, 581 F.3d at 1378-79; and then citing *Ugine & Alz Belg.*, 452 F.3d at 1292-93). In like manner, the Federal Circuit has found that, "the more the balance of irreparable harm inclines in the plaintiff's favor, the smaller the likelihood of prevailing on the merits he need

show in order to get the injunction." *Qingdao*, 581 F.3d at 1378-79 (internal quotation marks omitted) (quoting *Kowalski*, 854 F.2d at 170).

### A. Irreparable Harm

Meisen argues that liquidation of the entries at issue will cause irreparable harm because such liquidation would leave Meisen without a remedy to recover any wrongfully calculated countervailing duties. *See* Pl.'s Mot. at 4-6. A party whose entries have liquidated no longer may obtain relief in the form of a revised assessment rate on its entries. *See Qingdao*, 581 F.3d at 1380; *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983). More recent cases have found that a party can show the irreparable harm needed to obtain a preliminary injunction once the final determination in an investigation has been published and a lawsuit with respect to that final determination has commenced. *See Zhejiang Native Produce & Animal By-Products Imp. & Exp. Corp. v. United States*, 39 CIT __, __, 61 F. Supp. 3d 1358, 1367 (2015). "As in most cases before the court, the movants seeking injunctions against liquidation will be protected from their judicial challenges being mooted, while there will be little, if any, harm to the other parties by granting the injunctions." *Husteel*, 38 CIT at __, 34 F. Supp. 3d at 1363. Hence, while a victory for Plaintiff in this case would result in the revocation of the countervailing duty order and therefore provide prospective relief as to its liquidated entries, without a preliminary injunction, Plaintiff's case would be moot. Specifically, in the absence of injunctive relief, Meisen would lose the ability to protect its entries from being liquidated at the challenged rate. Accordingly, this factor weighs in Plaintiff's favor.

### B. Likelihood of Success on the Merits

Where, as here, Plaintiff has demonstrated that it will be irreparably harmed should a preliminary injunction not issue, "it will ordinarily be sufficient that the movant has raised 'serious,

substantial, difficult and doubtful' questions that are the proper subject of litigation to satisfy the likelihood of success prong. *NMB Singapore Ltd. v. United States*, 24 CIT 1239, 1245, 120 F. Supp. 2d 1135, 1140 (2000) (first quoting *PPG Indus. v. United States*, 11 CIT 5, 8 (1987); and then citing *Floral Trade Council v. United States*, 17 CIT 1022, 1023 (1993)). Here, Meisen argues that its complaint raises serious, substantial, and difficult questions of fact and law regarding Commerce's treatment of the Export Buyer's Credit Program, which has been addressed by the court in a number of cases, and which Plaintiff believes will be decided in its favor. *See* Pl.'s Mot. at 6-7 (citing *Clearon Corp. v. United States*, 44 CIT __, 474 F. Supp. 3d 1339 (2020)). Accordingly, this factor favors Plaintiff.

### C. Balance of the Equities

When evaluating a request for a preliminary injunction, the court must balance the hardships on each of the parties. *Nexteel Co. v. United States*, 43 CIT __, __, 393 F. Supp. 3d 1287, 1292 (2019) (quoting *Winter*, 555 U.S. at 20). The court must "determine which party will suffer the greatest adverse effects as a result of [its] grant or denial." *Ugine-Savoie Imphy v. United States*, 24 CIT 1246, 1250, 121 F. Supp. 2d 684, 688 (2000). Plaintiff has shown that it will suffer substantial hardship if the preliminary injunction is not granted, by demonstrating the irreparable harm that could result if its entries are liquidated prior to the outcome of this case on the merits.

Defendant and Defendant-Intervenor do not claim that they will be harmed by the issuance of a preliminary injunction and it is difficult to see how they can be harmed by the imposition of the lawful duties at the conclusion of this case. Thus, the balance of equities tips in favor of Plaintiff.

### D. Public Interest

"It is well-settled that the public interest is served by 'ensuring that [Commerce] complies with the law, and interprets and applies [the] international trade statutes uniformly and fairly.'" *Int'l Bhd. of Elec. Workers v. United States*, 29 CIT 74, 84 (2005) (alterations in original) (quoting *Ugine-Savoie Imphy*, 24 CIT at 1252, 121 F. Supp. 2d at 690). Further, "the public interest is best served when all parties can obtain effective judicial review." *Id.* (citing *SKF USA Inc. v. United States*, 28 CIT 170, 176, 316 F. Supp. 2d 1322, 1329 (2004)).

Here, accurate countervailing duties will be assessed at the conclusion of this case. Public policy favors this result. This is evidenced by the administrative suspension of liquidation following publication in the Federal Register of Commerce's preliminary and final determinations, and the countervailing duty order enjoining liquidation that have been in force. Accordingly, this factor supports Plaintiff's motion .

## CONCLUSION

Because Plaintiff has satisfied its burden of establishing that a preliminary injunction enjoining CBP from liquidating its entries of subject merchandise is warranted under the sliding scale approach, it is hereby

**ORDERED** that Plaintiff's motion for a preliminary injunction is granted; it is further

**ORDERED** that a preliminary injunction is entered in this case effective at the time of the docketing of this order; it is further

**ORDERED** that Defendant, United States, together with its delegates, officers, agents, and servants, including employees of U.S. Customs and Border Protection and the U.S. Department of Commerce, is enjoined during the pendency of this litigation, including any appeals, from issuing

instructions to liquidate or making or permitting liquidation of any unliquidated entries of wooden cabinets and vanities and components thereof from the People's Republic of China that:

1. were entered, or withdrawn from warehouse, for consumption, on or after August 12, 2019 through December 31, 2020, excluding the period between December 10, 2019 and April 16, 2020;

2. were the subject of the administrative proceeding published as *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 85 Fed. Reg. 11,962 (Dep't Commerce Feb. 28, 2020) and *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22,134 (Dep't Commerce Apr. 21, 2020); and

3. were produced and/or exported by Dalian Meisen Woodworking Co., Ltd.; and it is further

**ORDERED** that the entries covered by this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided for in section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e).

        /s/ Richard K. Eaton
        Richard K. Eaton, Judge

Dated:    October 18, 2021
              New York, New York