**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

|  |  |
|---|---|
| DALIAN MEISEN WOODWORKING CO., LTD., ) ) *Plaintiff,* ) ) and ) ) CABINETS TO GO, LLC, and ) THE ANCIENTREE CABINET CO., LTD., ) ) *Plaintiff-Intervenors,* ) ) v. ) ) UNITED STATES, ) ) *Defendant,* ) ) and ) ) AMERICAN KITCHEN CABINET ALLIANCE, ) ) *Defendant-Intervenor*. ) | Court No. 20-00110 |

**DEFENDANT-INTERVENOR'S REPLY TO PLAINTIFF'S AND PLAINTIFF-INTERVENOR'S COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S FINAL REMAND REDETERMINATION**

Luke A. Meisner
Christopher T. Cloutier
SCHAGRIN ASSOCIATES
900 7th St. NW, Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel for the
American Kitchen Cabinet Alliance*

Date:  September 28, 2022

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

    I.    Commerce's Attempt on Remand to Verify Claims of Non-Use of the Government of China's Export Buyer's Credit Program Was Practical, Reasonable, and Consistent with Recent Practice.................................................................................. 2

    II.    Commerce Appropriately Applied Facts Otherwise Available ................................ 6

    III.   Conclusion ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Dalian Meisen Woodworking Co., Ltd. v. United States*, Court No. 20-00110, Slip Op. 22-45 (CIT May 12, 2022) ("*Remand Opinion and Order*") ........................................................ passim

*Fujian Yinfeng Imp & Exp Trading Co., Ltd., v. United States*, Court No. 21-00088, Slip Op. 22-107 (CIT Sept. 13, 2022) ("*Fujian Yinfeng*") ....................................................... 6, 9

*Hyundai Electric & Energy Systems Co., Ltd v. United States*, 466 F. Supp. 3d 1303, 1318 n.22 (CIT 2020) ................................................................................................................ 4

*Risen Energy Co. v. United States*, 477 F. Supp. 3d 1331, 1343-44 (Ct. Int'l Trade 2020)) ......... 9

**Regulations**

19 CFR 351.307(d) ......................................................................................................................... 4

**Administrative Determinations**

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2019*, 87 FR 40491 (July 7, 2022), and accompanying IDM, at Comment 1 ................................................................................................................................ 5

*Forged Steel Fittings from the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2019*, 87 Fed. Reg. 35,498 (Dep't Commerce Jun. 10, 2022), and accompanying IDM, at Comment 2 ............................................................................................ 3

*Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 86 Fed. Reg. 57,809 (Dep't Commerce Oct. 19, 2021) , and accompanying IDM, at Comment 5 ....................................... 3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| DALIAN MEISEN WOODWORKING CO., LTD., )<br>)<br>*Plaintiff,* )<br>and )<br>)<br>CABINETS TO GO, LLC, and )<br>THE ANCIENTREE CABINET CO., LTD., )<br>)<br>*Plaintiff-Intervenors,* )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>*Defendant,* )<br>)<br>and )<br>)<br>AMERICAN KITCHEN CABINET ALLIANCE )<br>)<br>*Defendant-Intervenor.* )<br>) | Court No. 20-00110 |

**DEFENDANT-INTERVENOR'S REPLY TO PLAINTIFF'S AND PLAINTIFF-INTERVENOR'S COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S FINAL REMAND REDETERMINATION**

On behalf of the American Kitchen Cabinet Alliance ("AKCA"), we hereby submit the following reply to the comments filed by Dalian Meisen Woodworking Co., Ltd. ("Meisen") and the Ancientree Cabinet Co., Ltd. ("Ancientree") on the final remand redetermination issued by the U.S. Department of Commerce ("Commerce") in the above-captioned action. *See* Final Results of Redetermination Pursuant to Court Remand Order (Aug. 5, 2022) (ECF 86) ("*Remand Redetermination*"). As discussed below, the *Remand Redetermination* issued by Commerce is fully in compliance with the opinion issued by the Court in *Dalian Meisen Woodworking Co., Ltd. v. United States*, Court No. 20-00110, Slip Op. 22-45 (CIT May 12, 2022) ("*Remand*

*Opinion and Order*"). All of Meisen's and Ancientree's objections to the *Remand Determination* were already raised in the proceedings below and thoroughly addressed by Commerce. The AKCA therefore respectfully requests that the Court uphold Commerce's *Remand Redetermination* and issue final judgment in this action.

**I.     Commerce's Attempt on Remand to Verify Claims of Non-Use of the Government of China's Export Buyer's Credit Program Was Practical, Reasonable, and Consistent with Recent Practice**

The Court should reject Meisen's and Ancientree's arguments that Commerce's attempt on remand to verify record information regarding Meisen's and Ancientree's non-use of the Export Buyer's Credit Program ("EBCP") by reopening the record to issue supplemental questionnaires to Meisen and Ancientree, as directed by the Court, was not a practical solution, was not reasonable, and constituted an abuse of discretion. Meisen Comments in Opposition to Remand Redetermination (Sept. 6, 2022) (ECF 88, 89) ("Meisen Comments") at 7; Ancientree Remand Comments (Sept. 6, 2022) (ECF 90, 91) ("Ancientree Comments") at 1-3. According to Meisen, Commerce's approach on remand was "contrary to the procedures typically followed by Commerce and . . . not necessary to confirm non-use." Meisen Comments at 7. Meisen and Ancientree further criticize Commerce for its conclusion that the incomplete responses gathered on remand did not provide a meaningful basis for it to verify non-use of the EBCP. Meisen argues that Commerce could have employed a "spot-check methodology" to the information. *Id.* at 7, 9.  Similarly, Ancientree argues that the information obtained from just 15 of its 27 customers[1] could be "deemed representative of the entire pool of POI customers." Ancientree Comments at 2, 6. As discussed below, however, Commerce followed its recent practice for attempting to verify non-use in the face of the government of China's non-cooperation, and its

---

[1]     *See* Ancientree's Export Buyer's Credit Supplemental Questionnaire Response (Jun. 13, 2022) ("Ancientree EBCP SQR") at Exhibit 1; Rem. CR6-15, Rem PR14.

application of this practice, as reflected in the *Remand Redetermination*, was practical, reasonable, and supported by substantial evidence in this case.

As Commerce explained in its *Remand Redetermination*, the Government of China's continued refusal to fully cooperate with Commerce's investigation of the EBCP severely constrains Commerce's understanding of the operation of the program and ability to verify Meisen's and Ancientree's claims of non-use. *Remand Redetermination* at 9-13. In particular, the Government of China's refusal to provide information and documentation regarding internal guidelines governing the administration of the program, the application and approval process, applicable interest rates, and partner/correspondent banks limit the ability of Commerce to "to track the disbursement of funds to U.S. customers and/or respondents and to differentiate between lending types." *Id.* at 27.

To overcome the Government of China's reporting failures and attempt to verify non-use of the EBCP, Commerce has developed a practice of issuing supplemental questionnaires seeking complete lending information from a respondent's U.S. customers and, where complete responses are obtained from all of a respondent's customers, using such information to verify the respondent's non-use claims. *Id.* at 14-15. This practice has resulted in non-use findings for respondents in two recent administrative proceedings. *See Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 86 Fed. Reg. 57,809 (Dep't Commerce Oct. 19, 2021), and accompanying IDM, at Comment 5; *Forged Steel Fittings from the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2019*, 87 Fed. Reg. 35,498 (Dep't Commerce Jun. 10, 2022), and accompanying IDM, at Comment 2. That Commerce (i) used this approach effectively in prior proceedings, (ii) obtained complete responses that permitted Commerce to

conduct meaningful verification of respondents' non-use claims, and (iii) ultimately reached findings of non-use demonstrates that Commerce's use of this approach is practical and reasonable. The fact that the approach did not result in the outcome that the Ancientree and Meisen desired in this proceeding does not detract from the approach itself or the fact that it has been effective in other proceedings.

In the present case, Commerce did not receive complete responses to its supplemental requests for information regarding the financing activities of Meisen's and Ancientree's financing activities. *Remand Redetermination* at 15-18. Meisen, after selectively determining what forms of its customers' financing it would report as relevant, provided incomplete information containing conclusory and ambiguous statements regarding the forms of financing it chose to disclose. *Id*. at 18, 28-29. For its part, Ancientree provided complete information with respect to just 15 of its 27 U.S. customers. *Id.* at 16, *Ancientree EBCP SQR* at Exhibit 1. As Commerce explained in its *Remand Redetermination*, these incomplete responses were not sufficient to overcome the Government of China's reporting failures and permit meaningful verification of non-use. *Remand Redetermination* at 18-21, 27-30; Memorandum to the File from Kelsie Hohenberger, International Trade Compliance Analyst, re: *BPI Addendum* (Aug. 5, 2022) (ECF 86). Accordingly, Commerce was unable to take the next step of verifying non-use and had no choice but to find usage on the basis of adverse facts available.

While Meisen and Ancientree argue that the additional, albeit incomplete, information Commerce obtained on remand was sufficient for Commerce to verify non-use of the EBCP, the means by which they propose that Commerce verify non-use run counter to the very purpose of verification. The purpose of verification is to confirm "the accuracy and completeness of submitted factual information." 19 CFR 351.307(d); *see Hyundai Electric & Energy Systems*

4

*Co., Ltd v. United States*, 466 F. Supp. 3d 1303, 1318 n.22 (CIT 2020). Verification is not intended to be an opportunity for the submission of new factual information. *See id.* Here, neither the government nor Meisen and Ancientree have provided complete responses to Commerce's requests for information. A "spot check" of this incomplete information, as Meisen proposes, Meisen Comments at 9, can at best confirm the accuracy of the incomplete information provided, but cannot confirm non-use by all of the respondents' customers.

Similarly, there is no basis, as Ancientree proposes, for Commerce to verify the information of the 15 of 27 Ancientree's customers that provided responses such that this incomplete information is either "deemed representative of the entire pool of POI customers," Ancientree Comments at 4-6, or otherwise leads to a finding of partial non-use of the program. *Id.* at 7-8. As Commerce has explained, except in certain circumstances that do not apply here, "Commerce . . . does not make findings of 'partial non-use'" *Remand Redetermination* at 21, 30. Moreover, Commerce, as a matter of practice and consistent with the fundamental verification goal of confirming completeness, does not base findings of non-use on "partial, potentially self-selected information." *Id.* at 30*, see, e.g., Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2019*, 87 FR 40491 (July 7, 2022), and accompanying IDM, at Comment 1.

In short, pursuant to the Court's remand instructions, Commerce attempted to verify Meisen's and Ancientree's non-use claims using a methodology that proved effective, practical, and reasonable in two previous proceedings. As explained in great detail in the *Remand Redetermination*, Meisen's and Ancientree's incomplete responses to Commerce's supplemental questionnaires simply were not sufficient to overcome the Government of China's refusal to

cooperate with Commerce's attempts to understand the operation of the program in a manner that permitted verification of their non-use. Commerce's attempts on remand to supplement the record and verify the claimed non-use of the EBCP were practical, reasonable, and supported by substantial evidence. Accordingly, Meisen's and Ancientree's arguments should be rejected.

II.     **Commerce Has Sufficiently Explained the Evidence Supporting its Determination and Has Appropriately Applied Facts Otherwise Available**

The Court should also reject Meisen's and Ancientree's arguments that Commerce failed to explain adequately its application of facts otherwise available on remand to find that Meisen and Ancientree used the EBCP. Meisen Comments at 1-2; Ancientree Comments at 7-8, 11. Meisen notes the "long line of cases in which the Court has held that the missing information from the GOC was not necessary to Commerce's determination of non-use and that other information on the record, namely customer declarations, detracted from Commerce's finding {based on facts otherwise available} that a benefit had been received." Meisen Comments at 6-7. However, in noting these cases, Meisen fails to acknowledge, as the Court has acknowledged, Commerce's recent reconsideration of "its procedure for verifying claims of non-use of the program," *Remand Opinion and Order* at 17 n. 9. Significantly the Court recently accepted of Commerce's "thorough explanation of exactly why the missing information was necessary to verify EBCP non-use." *Fujian Yinfeng Imp & Exp Trading Co., Ltd., v. United States*, Court No. 21-00088, Slip Op. 22-107 (CIT Sept. 13, 2022) ("*Fujian Yinfeng*"). In *Fujian Yinfeng*, the Court found that Commerce's explanation of why the missing information sought from the Government of China was necessary for Commerce to verify the declarations of non-use by the respondent's customers distinguished that case from other cases where the Court found that Commerce had failed to explain the need for the missing information. *Id.* at 13-15. On this basis, the Court in *Fujian Yinfeng* found that substantial evidence supported Commerce's finding that

6

respondent's non-use of the EBCP could not be verified and that application of adverse facts available was warranted. *Id*. at 15.

In the present case, the Court found that substantial evidence did not support Commerce's original finding that necessary information was missing from the record such that a gap in the factual record required the application of facts otherwise available, because Commerce failed to demonstrate how the operational information withheld by the Government of China was relevant in the face of Meisen's and Ancientree's declarations of non-use. *Remand Opinion and Order* at 15-18.  In so ruling, the Court noted that the information withheld by the Government of China was "(at best) only indirectly related" to the use of the EBCP by Meisen's and Ancientree's customers and that Commerce's argument regarding the necessity of such information to the verification of Meisen's and Ancientree's non-use claims "rings hollow when Commerce failed to even try" to verify the claims. *Id.* at 17. Accordingly, the Court directed Commerce either to "find a practical solution to verify the non-use information on the record, such as the reopening of the record to issue supplemental questionnaires to respondents and their U.S. customers" or exclude the program from the subsidy rate. *Id.* at 21.

Pursuant the *Remand Opinion and Order* in this case and consistent with recently-developed practice in other countervailing duty proceedings, Commerce reopened the record in order to obtain additional information from respondents Meisen and Ancientree regarding the respondents' customers' financing that would permit Commerce to overcome the Government of China's reporting failures and attempt to verify non-use of the EBCP. Under Commerce's recently-developed practice, if "the voluntary information provided covers the full universe of financing for all of a respondent's U.S. customers, which allows Commerce to meaningfully conduct its tracing and completeness tests at verification," Commerce will take further steps to

7

verify the respondents' claims of non-use. *Remand Redetermination* at 14. These attempts ultimately resulted in incomplete information that could not form a basis for verifying non-use of the EBCP by all of the respondent's customers. Consequently, Commerce continued to find that the Government of China was the only party that was capable of providing the necessary information regarding the operation of the EBCP and, through its non-cooperation, had not only impeded Commerce's ability to assess the countervailability of the program, but also impeded Commerce's "ability to reach a verifiable conclusion regarding usage of the program." *Id*. at 12. Accordingly, despite its attempts to develop a record that would permit verification of Meisen's and Ancientree's non-use claims and avoid the impact of the Government of China's non-cooperation on the responding parties, Commerce again found that the application of facts otherwise available was warranted, and, that due to the Government of China's non-cooperation, Commerce would make an adverse inference with respect to the use of the EBCP. *Id.* at 21.

      In explaining the basis for its finding, Commerce has provided extensive explanations supported by substantial evidence as to (i) why the information withheld from Commerce by the Government of China was necessary to verify non-use of the EBCP, *id*. at 8-14, 27, (ii) why the information requests in the supplemental questionnaires were necessary to enable verification of non-use and why the incomplete information obtained from Meisen and Ancientree in response to those questionnaires was insufficient to verify non-use, *id*. at 15-20, 27-30 , and (iii) why resort to facts otherwise available and an adverse inference were warranted. *Id.* at 21-22, 30-31.

      These explanations – coupled with Commerce's practical, but ultimately unsuccessful attempts to obtain information directly from respondents that allow it to verify non-use of the EBCP and possible avoid the application of an adverse inference to Meisen and Ancientree that was necessitated by the Government of China's non-cooperation – far exceed what the Court

deemed sufficient to justify resort to facts otherwise available and an adverse inference in *Fujian Yinfeng*. While Ancientree may wish that the Court's recent precedents in antidumping litigation should govern whether an adverse inference is appropriate in this case, Ancientree Comments at 6-7 (citing, among others, *Risen Energy Co. v. United States*, 477 F. Supp. 3d 1331, 1343-44 (Ct. Int'l Trade 2020)), those cases lack a critical element that is present here: the Government of China, a respondent in this investigation, failed to cooperate with Commerce's investigation. To paraphrase the Court in *Fujian Yinfeng*,

> It's easy to read this record and be sympathetic to Meisen and Ancientree. The companies are disadvantaged by an adverse inference caused by the noncooperation of the Chinese government over which they have no control . . . But it isn't the courts job to micromanage the Commerce Department, whose challenged determinations are reasonable and supported by substantial evidence.

*See Fujian Yinfeng*, Slip Op. 22-107 at 21.

### III. Conclusion

For the foregoing reasons, Commerce's *Remand Redetermination* is fully compliant with the *Remand Opinion and Order* and is supported by substantial evidence and otherwise in accordance with law. Accordingly, the Court should uphold the *Remand Redetermination* and issue its final judgment in this case.

Respectfully submitted,

*/s/ Luke A. Meisner*
Luke A. Meisner, Esq.
Christopher T. Cloutier, Esq.
SCHAGRIN ASSOCIATES
900 Seventh Street, NW, Suite 500
Washington, DC 20001
(202) 223-1700
*Counsel for the American Kitchen Cabinet Alliance*

Dated: September 28, 2022

**CERTIFICATE OF COMPLIANCE**

      I hereby certify that the foregoing reply brief contains 2,448 words (including text, quotations, footnotes, headings, and attachments) and therefore complies with the word limitation set forth in the Court's Chamber's Procedures.

Dated: September 28, 2022                                         /s/ Luke A. Meisner
                                                                  Luke A. Meisner