**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| DALIAN MEISEN WOODWORKING CO., LTD., ) <br> ) <br> *Plaintiff,* ) <br> ) <br> and ) <br> ) <br> CABINETS TO GO, LLC, and ) <br> THE ANCIENTREE CABINET CO., LTD., ) <br> ) <br> *Plaintiff-Intervenors*, ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> *Defendant.* ) <br> ) <br> and ) <br> ) <br> AMERICAN KITCHEN CABINET ALLIANCE, ) <br> ) <br> *Defendant-Intervenor.* ) <br> ) | Court No. 20-00110 <br><br> PUBLIC DOCUMENT |

**DEFENDANT-INTERVENOR'S COMMENTS IN PARTIAL SUPPORT OF REMAND REDETERMINATION**

Luke A. Meisner
Christopher T. Cloutier
SCHAGRIN ASSOCIATES
900 7th St. NW, Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel for the*
*American Kitchen Cabinet Alliance*

Date: January 13, 2025

PUBLIC DOCUMENT

# TABLE OF AUTHORITIES

**Cases**
*The Ancientree Cabinet Co., Ltd. v. United States*, Court No. 23-00262, Slip Op 24-118 (CIT Oct. 24, 2024) ................................................................................................................ 3, 4

**Statutes**
19 U.S.C. § 1677a(c)(1)(C) ............................................................................................................ 4

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| DALIAN MEISEN WOODWORKING CO., LTD., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| and ) | |
| ) | |
| CABINETS TO GO, LLC, and ) | |
| THE ANCIENTREE CABINET CO., LTD., ) | |
| ) | |
| *Plaintiff-Intervenors*, ) | Court No. 20-00110 |
| v. ) | |
| ) | |
| UNITED STATES, ) | PUBLIC DOCUMENT |
| ) | |
| *Defendant.* ) | |
| ) | |
| and ) | |
| ) | |
| AMERICAN KITCHEN CABINET ALLIANCE, ) | |
| ) | |
| *Defendant-Intervenor.* ) | |

**DEFENDANT-INTERVENOR'S COMMENTS IN PARTIAL SUPPORT OF REMAND REDETERMINATION**

Pursuant to this Court's July 22, 2024 opinion and order in *Dalian Meisen Woodworking Co., Ltd. v. United States*, Court No. 20-00110, Slip Op. 24-83 (CIT July 22, 2024) ("*Third Remand Opinion*") and the Court's October 7, 2024 revised scheduling order (ECF No. 157), Defendant-Intervenor American Kitchen Cabinet Alliance ("AKCA" or "Petitioner") submits the following comments in partial support of the November 12, 2024 third remand redetermination ("*Third Remand Redetermination*") (ECF 160) issued by the U.S. Department of Commerce ("Commerce") and in opposition to the December 12, 2024 comments filed by The Ancientree Cabinet Co., Ltd. ("Ancientree") (ECF 164) in the above captioned action. As discussed below, Commerce properly declined in the *Third Remand Redetermination* to offset the subsidy rate for

1

the Export Buyer's Credit Program ("EBCP") based on Ancientree's failure to exhaust its administrative remedies in the second administrative review of the antidumping duty ("AD") order on *Wooden Cabinets and Vanities and Components Thereof from China*. Accordingly, the Court should decline to remand this aspect of the *Third Remand Redetermination*.

In its remand redetermination, Commerce made certain adjustments to the final liquidation rates under the countervailing duty ("CVD") order on *Wooden Cabinets and Vanities and Components Thereof from China*. *Third Remand Redetermination* at 10. This was because Commerce had to account for the fact that Ancientree had already benefited from a portion of the export subsidy offset for the EBCP for certain periods in the companion AD proceeding. *Id.* at 12. To ensure that the appropriate duties were levied on entries of Ancientree's merchandise, Commerce identified the various periods during which Ancientree benefited from such an offset in the AD proceeding. *Id.* at 13. For example, for the period covered by the first review of the CVD order (Column C), there were no AD measures in effect, and thus there was no possibility of benefitting from the export subsidy offset. *Id.* at 10, 13. As a result, Commerce applied the revised customer-specific subsidy rate for each customer in its entirety – *i.e.*, 13.33 percent (for customers found to have used the EBCP) or 2.79 percent (for customers that demonstrated non-use of EBCP). *Id.* In contrast, for the period covered by the second review of the CVD order and the first review of the AD order (Column G), Ancientree and its customers/importers had already benefitted from an offset of 4.37 percent to the cash deposit rate in the AD proceeding. *Id.* at 10, 14. To ensure that the duties assessed for the customers in question were accurate, Commerce added the 4.37 percent offset value to the 2.79 percent revised subsidy rate to arrive at an applicable subsidy rate of 7.16 percent. *Id.* Most relevant to Ancientree's comments, in the period covered by the second review of the CVD order and the second review of the AD order (Column

2

H), Commerce had not applied an export subsidy offset in the parallel AD proceeding for Ancientree. *Id.* Accordingly, the applicable customer-specific rates are the CVD investigation rates presented in the *Third Remand Redetermination*, with the EBCP rate included (13.33 percent) or without the EBCP rate included (2.79 percent), depending on whether the customer demonstrated non-use. *Id.*

Ancientree now argues that Commerce should have removed the EBCP for all customers in Column H, regardless of whether they cooperated in the investigation CVD verification. *See* Ancientree Comments at 1. Ancientree is essentially asking that Commerce be required to provide the export subsidy offset to its U.S. price for the dumping margin calculation that the agency already declined to provide in the second review of the AD order. *See id*. The Court should reject this argument. First, Ancientree asks this Court to do something that the Court itself has already declined to do. In the second review of the AD order, Ancientree failed to exhaust its administrative remedies with respect to the export subsidy offset to its U.S. price based on the EBCP. *See The Ancientree Cabinet Co., Ltd. v. United States*, Court No. 23-00262, Slip Op 24-118 (CIT Oct. 24, 2024) ("*AD AR2 Opinion*"). Accordingly, Commerce denied Ancientree an export subsidy offset based on the EBCP in the final results of the second review of the AD order. *Id.* Ancientree then challenged this denial before this Court. *Id.* However, the Court sustained Commerce's final results for the second review of the AD order:

> In this case, … Commerce's regulations required Ancientree to identify any ministerial errors in the preliminary results of the review and otherwise make all relevant arguments about those preliminary results in its administrative case brief. … Ancientree failed to use that opportunity to request an export subsidy offset to U.S. price, but now seeks a court-ordered remand for the agency to make that adjustment. … However, Commerce acts within its discretion when it declines to address errors untimely alleged, whether substantive or ministerial.

3

*Id.* at 10-11 (citations omitted). Ancientree should not be permitted to use this case – which involves the original CVD investigation – to circumvent this Court's holding in the *AD AR2 Opinion* that Ancientree failed to exhaust its administrative remedies in the second review of the AD order and thus is not entitled to an export subsidy offset for that period. If Ancientree disagreed with the Court's *AD AR2 Opinion*, it should have appealed it to the Federal Circuit. It did not. This case is not the appropriate venue to relitigate the *AD AR2 Opinion*.

      Second, even if this Court were inclined to give Ancientree a pass for failing to exhaust its administrative remedies in the second review of the AD order, the statute prohibits what Ancientree seeks to accomplish. As Commerce explains in the *Third Remand Redetermination*, the statute authorizes Commerce in AD proceedings "to increase the U.S. sales price of subject merchandise by the amount of any export subsidy found countervailable in the companion countervailing Order." *Third Remand Redetermination* at 21 (citing 19 U.S.C. § 1677a(c)(1)(C)). However, the statute does not allow Commerce to adjust subsidy rates in CVD proceedings when the sales price has not been increased in the companion AD proceeding based on a respondent's failure to exhaust its administrative remedies on this issue. In fact, the Court noted in its *AD AR2 Opinion* that "any change to the EBCP rate as a result of the *Dalian* litigation {*i.e.*, the instant case} will impact Ancientree's CVD assessment rate … reinforcing the need for Ancientree to have raised this issue in a timely manner so that Commerce could determine, in the first instance, how to address any relationship between these determinations." *AD AR2 Opinion* at 12 n.12.

      For the foregoing reasons, the AKCA respectfully requests that the Court reject Ancientree's arguments with respect to the *Third Remand Redetermination* and uphold Commerce's decision not to adjust the CVD rates for the period covered by the second review of

the CVD order and the second review of the AD order (Column H) in the manner requested by Ancientree.

 

Respectfully submitted,

/s/ Luke A. Meisner
Luke A. Meisner
Christopher T. Cloutier
SCHAGRIN ASSOCIATES
900 7th St. NW, Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel for the*
*American Kitchen Cabinet Alliance*

Date: January 13, 2025

**CERTIFICATE OF COMPLIANCE**

      I hereby certify that the foregoing Comments in Partial Support of Remand Redetermination contain 1157 words (including text, quotations, footnotes, headings, and attachments) and therefore comply with the word limitation set forth in the Court's Chamber's Procedures. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

Dated: January 13, 2025                                                    /s/ Luke A. Meisner
                                                                                      Luke A. Meisner